UP.DIKE, *Appellant*, v. MERCHANTS' ELEVATOR COMPANY *et al.*

**Deed of Trust** : REDEMPTION BY GRANTOR : STATUTE. Under Revised Statutes, section 3298, providing that land sold under a deed of trust and bought in by the *cestui que trust* or his assigns shall be subject to redemption within a year from the date of sale, and section 3299, providing that no party shall have the benefit of the preceding section until he shall have given security for the payment of interest to accrue after sale, such security must be given at or within reasonable time after the sale, and when given more than four months after the sale, it is too late.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Given Campbell* for appellant.

The relation was good as against the several causes alleged in the demurrer of defendant, and the demurrer should have been overruled, and the judgment thereon should not have been for the defendant but for the plaintiff. *Thornton v. Irwin*, 43 Mo. 153 ; *Allen v. Ranson*, 44 Mo. 263 ; *Reddick v. Gressman*, 49 Mo. 389 ; *Gaines v. Allen*, 58 Mo. 537 ; *Chandler v. Higgins*, 109 Ill. 602, 610 ; *McCullough v. Rose*, 4 Brad. 149, 152 ; *Dailey v. Abbott*, 40 Ark. 275, 282 ; *Ten Eyck v. Cased*, 15 Iowa, 524 ; 2 Jones Mortg. [2 Ed.] sec. 1118 ; 82 Ill. 393 ; *Lehman v. Durr*, 69 Ala. 127; *Moore v. Hopkins*, 93 Ill. 505 ; *Fitch v. Wetherbee*, 110 Ill. 490 ; *Brine v. Ins. Co.*, 96 U. S. 627 ; *Swift v. Smith*, 102 U. S. 442 ; *Mason v. Ins. Co.*, 106 U. S. 163 ; *Sutherlin v. Ins. Co.*, 96 U. S. 627 ; *Johnson v. Atchison*, 90 Mo. 48 ; *State to use v. White*, 61 Mo. 441.

*Martin, Laughlin & Kern* for respondents.

The demurrer was properly sustained. Not an authority cited by appellant furnishes any support to his supposed right of redemption. If he had desired to avail himself of the benefits of Revised Statutes, section 3298, it was his duty to comply immediately with the provisions of section 3299, by filing his application and bond for redemption. Such bond must be filed within a reasonable time, sufficient to bring forward his sureties.

BLACK, J.—This was a suit to redeem from a sale under a deed of trust. The case is here on appeal from a final judgment sustaining a demurrer to the petition.

The material facts are these : The Union Steam Mills Company made two deeds of trust on the property to secure different debts, one dated March 24, 1880, and the other the twentieth of July, 1882. There was a sale by the trustee under the second deed of trust, and by mesne conveyances the title to the property, subject to the first deed of trust, became vested in Lockwood as assignee of the Union Flour Mills Company. The title stood in this condition on the twenty-ninth of September, 1884, at which date the property was sold under the first deed of trust. Johnson held the debt secured by that deed of trust, and he became the purchaser of the property at the trustee's sale, and received a trustee's deed of the same date. He sold to Slattery and Slattery to the defendant, the Elevator Company.

It is this sale made under the first deed of trust from which plaintiff seeks to redeem, and his title is a deed from Lockwood, the assignee, dated the twenty-sixth of January, 1885. He bases his right to redeem solely upon section 3298, Revised Statutes. It is alleged in the petition that plaintiff has given bond and security

VOL. 96—11

to the satisfaction of the circuit court in favor of Johnson for the payment of the interest to accrue after the sale and for all damages, etc. ; but it is not stated when this bond was given. As the trustee's sale took place on the twenty-ninth of September, 1884, and the plaintiff did not become the purchaser from Lockwood until the twenty-sixth of January, 1885, the bond must have been given some four months after the trustee's sale. There is no claim made that Lockwood ever gave bond.

The above section of the statute declares that when any real estate shall be sold under a deed of trust pursuant to the powers therein, and shall be bought by the *cestui que trust* or his assigns, the same shall be subject to redemption within one year from the date of sale, and the purchaser at the sale shall receive a certificate of sale to hold until the expiration of the year. The next section (3299) says : "No party shall have the benefits of the preceding section until he shall have given security to the satisfaction of the circuit court for the payment of interest to accrue after the sale * * * . In case the circuit court is not in session, such security may be taken by the clerk of said court."

These statutes were passed in 1877, and before that time there was no redemption in such cases. There is none now, unless the conditions of the statute be complied with. It is to be observed that the right exists only when the *cestui que trust*, his assignee, or some one for either of them becomes the purchaser. No party shall have the benefit of the right to redeem until he shall give security. Give security when? If he can give bond at any time in the twelve months, then he need not give bond until he actually redeems, and the giving of a bond or security at such time is a useless ceremony. The security is designed to be a protection for the purchaser from the date of the sale. This is shown, too, by the fact that the clerk of the court may take the security, if the court is not in session. There can be but one

Updike v. Merchants' Elevator Company.

reasonable construction put upon the statute and that is, that the security must be given at the date of the sale. If not then given no redemption exists, and the trustee may make a deed at once. If the beneficiary or his assignee should bid off the property, then the trustee should allow a reasonable time to appear before the court or clerk and give the security. If this is not done within such reasonable time, the right to redeem is gone, or rather does not spring into existence, and the trustee may properly make a deed instead of giving a certificate of sale. That the security was not given in a reasonable time in the present case is too clear to admit of any doubt. In *Johnson v. Atchison*, 90 Mo. 48, no bond was given, and hence nothing was decided as to the time when the bond should be given.

The judgment is affirmed. RAY, J., absent; the other judges concur.