## VANMETER v. DARRAH, *Appellant.*

### Division One, March 25, 1893.

| 115  153 |
| 116  408 |
| 115  153 |
| a155  312 |
| a155  313 |
| 115  153 |
| 174  ²200 |

1. **Sale Under Deed of Trust:** INSANITY OF GRANTOR.   A sale under a deed of trust cannot be avoided because of the insanity of the grantor occurring subsequent to the execution of the trust deed.

2. ———: REDEMPTION BY GRANTOR.   Before a grantor in a deed of trust can avail himself of the right to redeem from a sale under it as provided by section 3298, Revised Statutes, 1879, he must give security, as required by section 3299 of said statutes, within a reasonable time after the sale.

3. ———: DEED TO PURCHASER: REDEMPTION: NOTICE TO TRUSTEE. The trustee making a sale under a deed of trust is required to make to the purchaser a deed, which he may do on the day of sale, unless the person entitled give notice of his intention to redeem, in which case he should be allowed by the trustee a reasonable time in which to give the security required by the statute, considering the circumstances of the case.

4. ———: ———: ———: ———. Where security for redemption was not given and filed until more than four months after the trustee's sale and three and a half months after the grantor had recovered from temporary insanity, it was not within such reasonable time as the statute contemplates.

*Appeal from Harrison Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED.

*D. J. Heaston* for appellant.

(1) When land is sold under a deed of trust and bought in by the beneficiary, the mortgagor has the right to redeem the same within one year from the date of the sale. Revised Statutes, 1879, sec. 3298. (2) Bond must be given to redeem and to stay waste, but no particular time for giving such bond is specified, then reasonable time must be presumed. Revised Statutes, 1879, sec. 3299; *Johnson v. Atchison*, 90 Mo. 48; *Updike v. Merchants' E. Co.*, 96 Mo. 160. (3) The trustee's deed was illegal and improperly admitted in evidence, because the defendant was insane at the time of the sale, and confined in an insane asylum, and because the statute provides that a certificate of purchase should be given when the beneficiary is the purchaser. Revised Statutes, 1879, sec. 3298, and Revised Statutes, 1889, sec. 7079; *Johnson v. Atchison*, 90 Mo. 48. (4) If mortgagor was insane at and before the sale under deed of trust, he should have reasonable time to redeem after sale and after recovering his sanity, especially

when no guardian has been appointed. Revised Statutes, 1879, sec. 4132; Revised Statutes, 1889, sec. 491, also sec. 5513, *et seq.; State, etc., v. Cole Co.*, 80 Mo. 80; *Rannels v. Gerner*, 80 Mo. 474; *Heard v. Sach*, 81 Mo. 610; *Collins v. Trotter*, 81 Mo. 275; *State, etc., v. Jones*, 89 Mo. 470; Boone on Mortgages, sec. 2; Tiedeman on Real Property, sec. 792; *Williams v. Shackleford*, 97 Mo. 322.

*A. F. Woodruff* and *D. S. Alvord* for respondent.

The fact that the defendant was *non compos mentis*, if it be a fact, when the sale under the deed of trust was made, cannot avail him as defense in this case, for both at law and equity a contract or liability assumed by one of sound mind may be enforced against him when he is of unsound mind. *Meyer v. Kuechler*, 10 Mo. App. 371; *Bevin v. Powell*, 11 Mo. App. 216; s. c., 83 Mo. 365; *King v. Robinson*, 33 Me. 114; s. c., 54 Am. Dec. 614; *Owen v. Davies*, 1 Ves. Sen. 82; *Wilder v. Weakley*, 34 Ind. 181; *Mussellmen v. Cravins*, 47 Ind. 1; *Hathaway v. Clark*, 5 Pick. 490; *Robertson v. Lain*, 19 Wend. 649; *Clark v. Dunham*, 4 Denio, 262. The true construction of sections 3298 and 3299 is given in *Dawson v. Egger*, 97 Mo. 36, and this is the last authoritative statement of the supreme court upon the effect to be given these sections. The power to sell and convey the land when either of the notes should become due was expressly given in the deed of trust executed by the appellant, and it was not necessary to authorize the sale under the deed of trust that all of the notes should have been due for all purposes. *Johnson v. Atchinson*, 90 Mo. 48–53. The authorities cited by plaintiff's attorneys in paragraph 4 in regard to the defendant having a reasonable time to redeem after sale, does not apply to cases where a

sale is made under a deed of trust, as in this case, and where the party whose rights were foreclosed was sane at the time the instrument under which the foreclosure was made was executed.

MACFARLANE, J.—The suit is ejectment to recover eighty acres of land in Harrison county. The answer, after admitting possession, set up as a special defense, and the evidence substantially showed, that on May 13, 1886, defendant made and delivered to plaintiff a deed of trust by which he conveyed the land to one Woodruff as trustee to secure to plaintiff two notes, each for $175, dated April 1, 1886, one due in one and the other in two years after date, with ten per cent. interest per annum from date, and providing that in case of a failure to pay either note or interest, then the other to become due, and giving power to the trustee to sell the land in case of default; that about the second day of July, 1887, the trustee sold said land under said deed of trust to plaintiff and made him a deed thereto, which was filed for record October 31, 1892.

That about the first of May, 1887, defendant was adjudged insane and was sent to the state insane asylum at St. Joseph, where he remained insane from the second day of May, 1887, until July 18, 1887, when he was discharged therefrom. During his insanity he had no guardian.

That defendant first learned of said sale as he returned from St. Joseph July 18, 1887; that thereupon on the ninth day of November, 1887, defendant filed with the clerk a bond for $500, with sufficient securities, conditioned that he would redeem said land from said sale; that thereafter on the sixteenth day of February, 1888, he offered to redeem and tendered to plaintiff the full amount due on both notes and the cost of the trustee's sale, which plaintiff refused to accept; that

defendant was insane when said trustee's sale was made and was known to be so by plaintiff.

Defendant asked to be allowed to redeem and that the deed of trust be declared satisfied.

The court found for the plaintiff and adjudged to him the possession of the land.

I. There is no pretense that defendant was incapable from mental infirmity of making the deed of trust under which the trustee's sale complained of was made. While possessed of sufficient capacity he agreed by the terms of the deed of trust that in certain contingences the trustee named in the deed should sell and convey the land upon giving thirty days' notice. The precaution was not taken to provide against so summary a sale in case of insanity or other unforeseen misfortune.

The sale cannot be avoided by reason of the insanity of defendant which occurred subsequent to the execution of the deed of trust. *Meyer v. Kuechler*, 10 Mo. App. 371; *Bevin v. Powell*, 11 Mo. App. 216; s. c., 83 Mo. 365.

II. It is insisted in the next place that under the circumstances defendant should have been permitted to redeem the land from the sale by the trustee as provided by section 3298, Revised Statutes, 1879. It has been held, and the question is no longer an open one, that before a grantor in a deed of trust can avail himself of the right to redeem, given under that section, he must give security as required by section 3299 of said statute within a reasonable time after the sale. *Updike v. Elevator Co.*, 96 Mo. 160; *Dawson v. Egger*, 97 Mo. 36.

The spirit of the statute as construed under these decisions requires the trustee to make to the purchaser a deed, and he may do this on the date of sale, unless the person entitled give notice that he intends to redeem, in which case he should be allowed by the

trustee a reasonable time in which to give the security, considering the circumstances of the case.

It is needless in this case to consider the proposition advanced by defendant's counsel that greater latitude should be allowed for giving security in favor of one *non compos mentis* at the time of the sale. The sale was made July 2, 1887, and defendant had been restored to health and had actual notice of the sale July 18th thereafter. The security was not given and filed until November 9th, over four months after the sale and three and a half months after his restoration and after receiving actual notice of the sale. This was not within such reasonable time as the statute contemplates, even after plaintiff had recovered from his temporary insanity.

Doubtless a court of equity would grant relief outside the statute against any fraudulent advantage that may have been taken against a party while laboring under such disability, but no such case was made by the pleadings or evidence. Judgment affirmed. BLACK, C. J., and BRACE, J., concur, BARCLAY, J., not voting.