GODFREY, *Appellant,* v. STOCK.

Division One, June 5, 1893.

1. **Deed of Trust**: FORECLOSURE SALE: PURCHASE BY CESTUIQUE TRUST: REDEMPTION. Land sold under a deed of trust and bought by the *cestuique trust* or his assigns is subject to redemption by the debtor within one year from the date of sale, if he shall give security to the satisfaction of the circuit court or to the clerk in vacation for the payment of interest after the sale, and for all damages and waste that may be occasioned or permitted by the party whose property is sold. (Revised Statutes, 1889, secs. 7079, 7080.)

2. ——— :———: ———. A reasonable time should be allowed by the trustee for the debtor to appear before the court and give the security.

3. ———: ———: ———. What is a reasonable time will depend upon the particular circumstances of the case.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

*C. P. & J. D. Johnson* for appellants.

(1) Under the facts stated in the petition, the plaintiff was entitled to redeem the real estate in question, so that the demurrer to the petition was improperly sustained. Revised Statutes, secs. 7079, 7080; *Updike v. Elevator Co.,* 96 Mo. 160. (2) The defendant having appeared in the circuit court on the application of plaintiff to give the bond required by Revised Statutes, section 7080, and opposed the application, was precluded from afterwards claiming that the bond was not executed within a reasonable time. (3) The finding of the circuit court to the effect that the security given by plaintiff was "satisfactory" is conclusive against the defendant, unless it appear

that the court abused the discretion which the statute vested in it in the matter.    Revised Statutes, sec. 7080. (4) The statute (Revised Statutes, secs. 7079, 7080) is remedial, and should be liberally construed.    Sedgwick on Construction of Statutory and Constitutional Law, pp. 308–310;  *McGehe v. Draper*, 21 Mo. 511;  *Vogler v. Montgomery*, 54 Mo. 583.

*Rassieur & Schnurmacher* for respondent.

(1) A sale by a trustee, under a power contained in a trust deed, operates as a complete foreclosure. Revised Statutes, 1889, sec. 7091; Jones on Mortgages [3 Ed.], sec. 1897;  *Plum v. Mfg. Co.*, 89 Mo. 162.  (2) But where the *cestuique trust*, or his assignee, becomes the purchaser at such sale, the mortgagor's right of redemption continues for a year, provided the mortgagor gives security to the satisfaction of the circuit court, or, in case it is not in session, to the circuit clerk. Revised Statutes, 1889, secs. 7079, 7080.    (3) But such security must be given at the date of the sale.    *Updike v. Elevator Co.*, 96 Mo. 160; *Dawson v. Egger*, 97 Mo. 36.

MACFARLANE, J.—We adopt the statement of counsel for respondent as giving a fair and concise abstract of the petition:

"This case comes here on plaintiff's appeal from the judgment of the circuit court, sustaining a demurrer to his petition.    The petition states, in substance, that at and prior to February 11, 1890, plaintiff was the owner of a lot of ground on Walnut street, in the city of St. Louis; that on January 11, 1888, he had executed his deed of trust upon said premises to secure to one William M. Nolan the payment of an indebtedness for $5,000, in which deed of trust William A. Meagher was named as trustee, with power to sell, in case of default

on twenty days' notice, in the usual manner, by publication in a newspaper; that Nolan the *cestuique trust*, thereafter, transferred the debt secured by said deed to defendant, and that on February 11, 1890, the trustee, at the request of defendant, and for default in the payment of the principal and interest of said debt, sold the property in said deed described, in the manner and upon the notice and the terms provided for in the deed, and that at such sale defendant became the purchaser for the price and sum of $5,500.20; that on the day of sale, plaintiff notified the trustee and the defendant that he proposed to give bond for the redemption of the property, but that, nevertheless, the trustee executed and delivered a deed for the premises to defendant, and that defendant placed the deed on record.

"That on February 13, 1890, plaintiff applied to the circuit court of the city of St. Louis for leave to give security, to the satisfaction of the court, for the payment of the interest to accrue after said sale, upon the notes secured by said deed of trust, and for all damages and waste that might be occasioned or permitted by him, and for the redemption of the premises, in accordance with the statute; that defendant opposed said application and the right of plaintiff to give bond, on the ground that he had not used due diligence; that the court delayed passing upon the application until February 28, 1890, upon which day it approved a bond furnished by plaintiff in the sum of $2,000 conditioned that plaintiff should pay the interest on the notes described in the deed of trust from February 11, 1890, to February 11, 1891, and pay all damages and waste occasioned or permitted by him on the premises; that plaintiff was unable to make said application to give security after said sale, and until February 13, by reason of his being sick and disabled and confined in doors,

and of his inability to see and procure the necessary surety to execute said bond.

"The petition further recites that defendant has acquired possession of the premises and has been collecting the rents thereof, and that on or about January 10, 1891, plaintiff offered to redeem from defendant, and tendered him the amount of principal and interest due under the deed of trust and all legal charges and costs created by the sale.

"The prayer is for an accounting; that plaintiff may be permitted to redeem the property from defendant; that the deed from the trustee to defendant be canceled, and that defendant be required to reconvey to plaintiff and restore him to the possession of the premises."

Plaintiff claims the right to redeem under Revised Statutes, 1889, secs. 7079 and 7080. The former declares, in substance, that when any real estate shall be sold under a deed of trust pursuant to the powers therein, and shall be bought by the *cestui que trust* or his assigns the same shall be subject to redemption within one year from the date of sale, and the purchasers at the sale shall receive a certificate of sale to hold until the expiration of the year. The latter says: "No party shall have the benefits of the preceding section until he shall have given security to the satisfaction of the circuit court for the payment of the interest to accrue after the sale, and for all damages and waste that may be occasioned or permitted by the party whose property is sold. In case the circuit court is not in session, such security may be taken by the clerk of said court."

These sections are intended to give relief to those whose property has been summarily sold under powers contained in deeds of trust. They are remedial and should be given such fair and liberal construction as

will afford relief to those for whose protection they were enacted.

The right of redemption is only given when the land is bought by the *cestui que trust* or his assigns or other person for them. The person entitled to redeem could ordinarily make no intelligent preparation therefor until the sale has taken place and the purchaser is known. There are many circumstances that might make it impracticable for the grantor in the deed to give the security immediately after the sale. The place of sale may be remote from the court, or the office of the clerk, who is required to approve the security. The intended sureties may not be present or easily found. Difficulties in giving securitiy may exist or unexpectedly arise in any case. To hold that in order to secure the right of redemption, the security should be given on the day of sale, would in many, if not in most cases, make the statute a dead letter.

It was held in *Updike v. Elevator Co.*, 96 Mo. 163, that the statute did not mean that the grantor in the deed had the right to give the security at any time within twelve months after the sale, and it was held that a bond given four months after the sale was not in time to secure the right of redemption. The court says: "If the beneficiary or his assignee should bid off the property, then the trustee should allow a reasonable time to appear before the court or clerk and give the security. If this is not done within such reasonable time, the right to redeem is gone, or rather does not spring into existence, and the trustee may properly make a deed instead of giving a certificate of sale." This ruling was adhered to in *Dawson v. Egger*, 97 Mo. 37, in which the facts show that the sale was made September 15th and the bond was not given until the 28th of November.

'In each of these opinions, it is true, the statement is made, which was not necessary to the decision in the case, that the security should be given at the date of the sale. That declaration in each case, one merely following the other, should be read in connection with the portion of the opinion in the *Updike case*, quoted above, in which it is distinctly stated that a reasonable time should be allowed by the trustee for appearing before the court or clerk and giving the security. What may be a reasonable time in any case will depend upon the circumstances of that case. The person entitled to redeem should be diligent and prompt in taking steps to secure the right and should notify the trustee on the day of sale of his intention to give the security, otherwise the trustee in the discharge of his duty could make a deed to the purchaser. These views were declared in the recent case of *Vanmeter v. Darrah*, 115 Mo. 153, though not necessary to a decision in that case.

We think, under the circumstances set forth in the petition, plaintiff was in time in his notice to the trustee, and in giving the security, and the judgment is reversed and cause remanded. All concur.