## UNION CENTRAL LIFE INSURANCE COMPANY v. ROGERS, Appellant.

|155  307|
|d163 305.|

### Division Two, March 20, 1900.

1. **Deed of Trust:** FORECLOSURE: REDEMPTION: NOTICE: BOND: REASONABLE TIME. The plaintiff, in this ejectment, was the beneficiary of a deed of trust and at the foreclosure sale, through its agent, bought in the property, and said agent on the same day, so the mortgagor and another witness testified, was notified that the mortgagor intended to redeem, and the agent testified that the mortgagor did not so notify him, but did not deny that the other witness had. The mortgagor, all of whose property was sold at the foreclosure and who lived eighteen miles from the court house, twenty-six days later filed a redemption bond with the clerk in the sum of $1,250, conditioned as the statute requires. *Held,* that, *first,* if the notice was given on the day of the sale, the mortgagor had the right to redeem if he filed a proper bond in a reasonable time; *second,* the questions of whether the notice was given, and the bond filed in reasonable time, should have been submitted to the jury, and the court erred in instructing them peremptorily to find for plaintiff; *third,* the mortgagor's right to redeem is not in anywise altered by the fact that the *cestui que trust* had contracted to sell the property before the bond was filed, because under the statute, he was not entitled to a deed, after the redemption notice on the day of sale, until the mortgagor had had a reasonable time in which to file a bond, and what is a reasonable time depends on the circumstances of each case.

2. ———: NOTICE TO REDEEM: TO WHOM GIVEN? The notice of the mortgagor's intention to redeem is to be given, not to the trustee who sells the property, but to the *cestui que trust* who buys the property at the sale, or his authorized agent.

Life Ins. Co. v. Rogers.

Appeal from Monroe Circuit Court.—*Hon. Reuben F. Roy,* Judge.

REVERSED AND REMANDED.

*Thos. N. Williams* and *Frank W. McAllister* for appellant.

(1)  It is alleged that on the day of the sale, notice of defendant's intention to redeem, was given plaintiff's representative and witnesses Rogers and Creigh both testified that such notice was given.  There was proof offered on every material point and defendant was entitled to have the case submitted to the jury.  (2)  The trial judge sustained the demurrer to the evidence because notice of intention to redeem was not given to the trustee.  It is not required by the statutes.  The beneficiary is the party in interest and not the trustee.  To hold that notice must be given the trustee is to engraft an additional condition and provisions on section 7019, R. S. 1889.  (3)  Defendant is allowed reasonable time after the sale to give the bond required by section 7080.  Godfrey v. Stock, 116 Mo. 403; Vanmeter v. Darrah, 115 Mo. 156; Walker v. Elevator Co., 96 Mo. 163; Dawson v. Eggers, 97 Mo. 63.  (3)  And whether the bond was filed in a reasonable time is a question of fact for the jury.  Burks v. Stam, 65 Mo. App. 455; Tower v. Pauly, 51 Mo. App. 75; Frank v. Grand Tower & Carbondale Co., 57 Mo. App. 181; Pierce Steam Heating Co. v. Seigel Gas Fixture Co., 60 Mo. App. 148.

*J. H. Whitecotton, J. M. Crutcher* and *J. R. Reynolds* for respondent.

(1)  This court has required that notice of an intention to redeem must be given when the bond is not given on the day of the sale.  Vanmeter v. Darrah, 115 Mo. 153.  (2)

While a defendant is allowed a reasonable time after the sale to give bond required by section 7080, R. S. 1889, it is conditioned further upon the requirement that the mortgagor or respondent shall give notice to the trustee of his intention to redeem. Godfrey v. Stock, 116 Mo. 403. (3). What is a reasonable time is ordinarily a question of fact, but the time taken may be held by the court to be unreasonable as a matter of law, as the court held in this case, and especially when there is no proof or offer of proof, of circumstances justifying delay. Vanmeter v. Darrah, 115 Mo. 153; Godfrey v. Stock, 116 Mo. 403.

BURGESS, J.—This is a suit in ejectment to recover the possession of a large farm in Monroe county. The petition is in the usual form, and alleges that plaintiff was the owner and entitled to the possession of the land on the first day of November, 1896, and that defendant on that day entered into the possession of the same and unlawfully withholds the possession thereof from plaintiff.

The answer alleges that the land in question was conveyed by defendant to a trustee to secure to plaintiff a large sum of money, to-wit, $16,000. That after default was made in the payment of the money when it became due, the trustee on the 24th day of October, 1896, exposed the land to sale, in pursuance of the terms of the said deeds of trust, and the same was at such sale purchased by the plaintiff company at the price of $16,769.91, at which time the said defendant notified the plaintiff that he intended to redeem said property under the provisions of the statute in such cases made and provided, and that on the 20th day of November, 1896, in vacation of court, defendant executed his bond with securities, in the sum of $1,250, conditioned for the payment to said plaintiff company of the interest which should accrue to it on the sum of $16,769.91 from the date of said sale, and to pay all damages and waste which might be occasioned by him or permitted by him

after said sale, which bond was approved by the clerk of the court and which, it is alleged, was in full force and effect at the time this action was brought. "That by virtue of said bond, and by the provisions of the statute in such case made and provided, the defendant became entitled to, and secured to himself the right to redeem the said property at any time within one year from and after the said 24th day of October, 1896, the day on which the same was purchased by the said company, and therefore defendant says this said action was brought by the plaintiff company before any right of action had accrued to said company to recover the said property sued for in this action."

Plaintiff filed reply to the answer in which all allegations therein were denied.

Defendant was the owner of the land in controversy at the date of the execution of the deed of trust by him under which it was thereafter sold by the acting trustee, the then sheriff of the county, on the 24th day of October, 1896, after notice, and in accordance with the provisions of that deed of trust, after default was made in the payment of the principal debt and accrued interest, which at that time was $16,769.91. At this sale the plaintiff, the beneficiary in the deed of trust, became the purchaser of the land for the amount of the debt, and accrued interest. Defendant Rogers was present at the sale, and testified that shortly after the sale and on the same day he notified T. W. Roudebush, the special agent for plaintiff, and who bought in the land for it at the sale under the deed of trust, of his intention to remain in possession of the land, and to redeem it from the sale. Charles A. Creigh, a witness for defendant, testified that at the instance and request of defendant, he also, on the same day of the sale, gave said agent notice of his, defendant's, intention to remain in possession of and redeem the property.

The agent Roudebush testified in behalf of plaintiff, and denied that defendant said anything to him about redeeming

the land on the day of its sale under the deed of trust, or at any other time, but was not asked, nor did he deny, that Creigh told him at the request of defendant on the same day of the sale that defendant intended to remain in possession, and redeem the land.

The trustee made and delivered to plaintiff on the day of the sale a deed in the usual form to said property. The defendant remained in possession and on the 23d day of November, 1896, filed a bond as required by section 7080 of the Revised Statutes of 1889, with the clerk of the circuit court of Monroe county, Missouri, in the sum of $1,250, conditioned as required by said section, to pay to the plaintiff the interest which should accrue upon the amount of the aforesaid indebtedness at the day of sale, and all damages and waste occasioned or permitted by him within the time fixed by the statute in which he could redeem said property, which bond was, on the 23d day of November, 1896, in vacation of the circuit court of said county, approved by the clerk thereof. Notice of the filing and approval of this bond was given plaintiff by registered mail.

At the close of the evidence the court at the request of plaintiff instructed the jury, "that under the law and the evidence adduced in this cause, your finding must be for the plaintiff." There was judgment in favor of plaintiff for the possession of the property, and one cent damages.

Defendant appeals.

The first question for consideration, is with respect to the giving of notice by defendant to the beneficiary in the deed of trust, who became the purchaser of the property at the sale thereunder, of his intention to redeem the same.

By section 7079, Revised Statutes 1889, it is provided, in substance, that when any real estate shall be sold under a deed of trust pursuant to the powers therein, and shall be bought by the *cestui que trust* or assigns the same shall be subject to redemption within one year from the date of sale, and

the purchaser at the sale shall receive a certificate of sale to hold until the expiration of the year.    The following section 7080, says:    "No party shall have the benefits of the preceding section until he shall have given security to the satisfaction of the circuit court for the payment of the interest to accrue after the sale, and for all damages and waste that may be occasioned or permitted by the party whose property is sold. In case the circuit court is not in session, such security may be taken by the clerk of said court."

While it will be observed that the only condition precedent to redemption by a person whose land is thus sold within a year thereafter, is the execution of the bond required by section 7080, *supra*, it was held by this court in Vanmeter v. Darrah, 115 Mo. 153, that the spirit of the statute "requires the trustee to make to the purchaser a deed, and he may do this on the date of sale, unless the person entitled give notice that he intends to redeem, in which case he should be allowed by the trustee a reasonable time in which to give the security, considering the circumstances of the case."    According to the decided weight of the evidence, plaintiff by its agent was notified of defendant's intention to redeem the property shortly after the sale, and, on the same day, but plaintiff insists that under the ruling in the case cited, the notice should have been given to the acting *trustee* who sold the property instead of to plaintiff, and as this was not done—defendant was not entitled to redeem.    While no one but the trustee can make a deed to land sold by him under a deed of trust, section 7079, *supra*, says:   "And at such sale the purchaser shall receive a certificate of purchase, setting forth the property sold and amount of purchase money received, which certificate shall be delivered to the trustee upon the application for a deed at the expiration of twelve months," which by implication at least, is to say that the deed shall not be executed before that time, and the same liberal construction which seems to justify the trustee in making to the purchaser a deed, on the

day of sale, in the absence of notice by the grantor in the deed of trust of his intention to redeem, justifies us in holding that notice to the *cestui que trust* was sufficient, for the very cogent reason that it was its interest and not the trustee's that was to be affected thereby.

The question then is, was the bond required by statute in order to entitle defendant to redeem filed in time?

In Updike v. Merchants' Elevator Co., 96 Mo. 160, it was held that such security must be given at or within a reasonable time after the sale, and that the security which was not given for four months after the sale was too late. In Dawson v. Egger, 97 Mo. 36, the sale was made September 15th, and the bond was not given until the 28th day of November, next following. It was held that it should have been given on the day of sale, and was too late.

In Vanmeter v. Darrah, *supra*, it was held that where security for redemption was not given and filed until more than four months after the trustee's sale, and three and a half months after the grantor had recovered from temporary insanity, it was not within such reasonable time as the statute contemplates.

In Godfrey v. Stock, 116 Mo. 403, the property was sold at trustee's sale under a deed of trust on the 11th day of February, 1890. On the day of sale, the mortgagor, plaintiff, notified the trustee and the beneficiary in the deed of trust who became the purchaser of the property at the sale that he proposed to give bond, and redeem the property and two days thereafter filed the requisite bond in the proper office. It was held to have been filed in time.

It thus seems that what is reasonable time depends upon the circumstances of each particular case. Twenty-six days elapsed from the date of the sale until defendant filed with the clerk of the circuit court of Monroe county his bond in the sum of $1,250 for redemption, conditioned as required by statute, to pay plaintiff the interest which should accrue upon

the amount of his indebtedness to plaintiff, and all damages and waste occasioned or permitted by him within the time fixed by statute in which he could redeem said property. The bond given was large for a man all of whose property had been sold at a forced sale. He lived eighteen miles from the clerk's office, in which the bond was required by law to be filed. And, while the law required of him diligence and promptness in taking steps to recover a right given him by the statute, we are unwilling to say as. a matter of law that the bond was not filed in time, but think under the circumstances, that the case should have 'been submitted to the jury. Nor do we think the fact that plaintiff had in the meantime contracted for the sale of the land alters the case.

The judgment is reversed, and the cause remanded, to be proceeded with in accordance with the views herein expressed.

*Gantt, P. J.* and *Sherwood, J.* concur.