WALMSLEY et al., Appellants, v. DOUGHERTY et al.

### Division Two, June 11, 1901.

1. **Deed of Trust:** FORECLOSURE: REDEMPTION: BOND: NOTICE. Without the filing of the bond which the statute requires, the application of the mortgagor, in a foreclosed deed of trust, to be permitted to redeem, can not be considered. If an unreasonably large bond is required, the mortgagor must tender a reasonable bond with solvent securities and keep the tender good, if his application to redeem is subsequently to be heard. And besides, notice must be given, certainly within a reasonable time, either to the beneficiary or the trustee, by the mortgagor of his intention to give bond.

2. **Appeal:** BILL OF EXCEPTIONS: EXTENSIONS: DEATH OF APPELLANT. After the death of appellant and before the cause is revived by bringing in his heirs or legal representative and by service upon the respondent, the court has no authority to extend the time for filing the bill of exceptions; and whether it then has such power, is not decided.

Appeal from Jackson Circuit Court.—*Hon. E. L. Scarritt,* Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellants.

(1) This proceeding is founded upon sections 4343 and 4344, Revised Statutes 1899. These sections, which give the

right to redeem within one year, providing the party shall give security, do not limit any time in which the application shall be made. (2) This court held, that the application under this statute must be made within a reasonable time and that the application made within four months after the sale, was not in time. Updike v. Merchants, 96 Mo. 160. And in the same case intimated that the trustee should allow a reasonable time for the parties to appear before the court and apply, and give the security, and if this was not done, no right of redemption existed. (3) Where the application to redeem was not made until over two months after the sale, it was not in time. Dawson v. Egger, 97 Mo. 36. In considering the reasonable time, the circumstances of the case should be taken into consideration, and notice should be given to the trustee so that he might hold up the deed. Van Meter v. Darrow, 115 Mo. 153. (4) Since this cause was tried, the case of Ins. Co. v. Rodgers, has been decided, and it is now held that it was not necessary that the party seeking to redeem should give any notice to the trustee, but that his notice to the beneficiary under the deed who purchased at the sale, would be sufficient. Union Ins. Co. v. Rodgers, 55 S. W. 1019.

*Kinley & Kinley* for respondents.

(1) There is no bill of exceptions in the case of Albert C. Walmsley v. John Dougherty, Michael Dougherty and Elmer N. Powell, which was the case tried by the circuit court. After the appeal in this case was granted by the circuit court to this court, the circuit court ceased to have any jurisdiction in the case, except to permit filing of the bill of exceptions and extending the time therefor, as prescribed by the statute. State v. McO'Blenis, 21 Mo. 299; Foster's Admr. v. Rucker's Admr., 26 Mo. 494; Burgess v. O'Donoghue, 90 Mo. 299;

Oberkeiter v. Lubbering, 4 Mo. App. 481; State v. Musick, 7 Mo. App. 597. (a) The order filing the bill of exceptions in the case of Albert C. Walmsley v. John Dougherty et al., was set aside and the bill of exceptions in such case was withdrawn; the bill of exceptions before the court is in the case attempted to be revived in which the legal representatives of Albert C. Walmsley were found by the court to be such representatives and ordered made parties plaintiff. All these proceedings, findings and orders were void, because of such appeal to this court divesting the circuit court of jurisdiction. This court after such appeal was solely vested with the power to revive the suit in case of death of the plaintiff after the appeal. R. S. 1889, secs. 2294 to 2300. (2) The bill of plaintiffs does not state a cause of action. If it is a petition to redeem by paying the debt, interest and costs, sufficient facts are not stated to authorize that relief. Parkerton v. Schleuter, 145 Mo. 55. If the bill is to permit the statutory bond under sections 7079-7080, of Revised Statutes 1889, to be given, it was not required, for all that plaintiff had to do was to offer a bond in sufficient penalty, with proper conditions and solvent securities to the circuit court, if in session and if not to the clerk, which would have been approved and the parties benefited would have been left to their legal remedies. Johnson v. Atchison, 90 Mo. 48; Updyke v. Elevator Co., 96 Mo. 160; Dawson v. Egger, 97 Mo. 36; Godfrey v. Stock, 116 Mo. 403. (3) The bond should have been given and actually tendered to the court for approval; the offer in the petition is not sufficient. Pershing v. Canfield, 70 Mo. 144. (4) No notice was given by plaintiff or his representatives to the beneficiary or trustee under the deed of trust, at or before the sale thereunder, that plaintiff desired or intended to redeem from said sale by giving the statutory bond therefor, and hence no right accrued to said plaintiff Walmsley to give such redemption

bond.  Van Meter v. Darrah, 115 Mo. 153; Union Life Ins. Co. v. Rogers (Mo.), 55 S. W. 1019.

GANTT, J.—This controversy arises from the following circumstances:   On September 15, 1893, Albert C. Walmsley borrowed from defendant, John Dougherty, the sum of three thousand dollars, payable in three years, and secured the same on lots 7 and 8, W. A. Bunker's resurvey of Granmann Place, an addition in Kansas City, Missouri, on which lots stood a livery barn with about ten living-rooms above.   Before the maturity of this note, about the first of September, 1896, the defendant, John Dougherty, notified the father of A. C. Walmsley, John Walmsley, who was conducting his son's business, that he would want the money on this loan when it became due, and said borrower, through his agent, attempted to secure an extension of the note for six months, but this was refused by John Dougherty, the holder. ' An effort was made by John Walmsley to get the Missouri National Bank to take up the note at its maturity, but this attempt failed, and when the note matured on September 15, 1896, the makers were given some additional time to pay the note, but failing so to do, in October following, the property was, at the request of the defendant Dougherty, advertised by the trustee, Elmer N. Powell, co-defendant herein, at trustee's sale, and on October 30, 1896, the same was sold and defendant Dougherty became the purchaser of the same.

At the time, and shortly prior to the sale, plaintiffs claim they talked with defendant, John Dougherty, or his lawyer, about redeeming the property, but no agreement was made, and the agent of the maker of the note interviewed defendant, John Dougherty, two or three times after the sale under the deed of trust and endeavored to secure an agreement that Albert C. Walmsley might redeem at some future time by paying

the debt, interest and costs, but when pressed by defendant as to the money, conceded he did not have it, and did not know when he could get it, and finally such efforts were abandoned by said agent.

Albert C. Walmsley resided in Kansas City, Missouri, with his father, who, as stated, was his agent in looking after this matter; at the sale under the deed of trust he gave no notice that he intended to file a bond under the statute to redeem, and at no time before filing this suit did he file, produce or offer to file, such bond. The suit was instituted December 9, 1896, forty days after the sale under the deed of trust, to be permitted to redeem, or to be permitted by the court to file a bond to redeem, to be executed to defendant Dougherty, or Powell, as trustee, as the court should direct. In the meantime, prior to the institution of this suit and after the purchase under the trustee's sale, the trustee, on November 3, made a trustee's deed to the Doughertys, and they took possession, paid the accrued delinquent, city, state and county taxes, insurance, necessary repairs, and have ever since been in possession of the premises. Upon hearing the evidence the court made a finding for defendants and dismissed plaintiff's bill. A motion for rehearing was duly filed and by the court was overruled, and on April 3, 1897, an affidavit and application for an appeal to this court, was filed by the original plaintiff, and on the tenth day of April, 1897, an order was made granting the appeal prayed for to this court and time taken to file a bill of exceptions on or before the third day of the April term, 1897. This order was extended from time to time so that the order was made during the October term, 1897, that plaintiff have until February 1, 1898, to file his bill of exceptions. In pursuance of said order, the bill of exceptions was filed January 3, 1898, and on January 10, 1898, the order filing the bill of exceptions was set aside, and the bill of exceptions with-

drawn, upon suggestion of the death of plaintiffs, and the time extended for filing the same to the tenth day of the April term, 1898, which was again extended to May 10, 1898. In the meantime, with an order granting an appeal to this court still standing, the same not vacated or set aside, the suggestion was made of the death of Albert C. Walmsley before the filing of the bill of exceptions on January 3, 1898, and petition was filed praying that the cause be revived in the names of the representatives of A. C. Walmsley, and upon the sixteenth of April, 1898, after service on defendants to show cause why such revival should not be ordered and made, this order was made, after which, in pursuance of said leave taken, the bill of exceptions on behalf of the representatives of Albert C. Walmsley, was settled, signed, and ordered made part of the record in this case on May 9, 1898, and such bill of exceptions was then filed May 9, 1898.

I. The judgment of the circuit court dismissing the bill in this case must be affirmed. The proceeding is without precedent.

As a bill in equity to redeem it states no fact upon which relief could be granted. The debt was an honest one. The deed of trust was regular in all respects. It was admitted that due and legal notice of the sale was published and the plaintiff's petition discloses beyond doubt that there was neither a promise by the Doughertys, or either of them, to allow plaintiff to redeem, nor was there the slightest consideration for such a promise. On the contrary, the petition itself (without going into the bill of exceptions) negatives the making of any such agreement. As a bill of equity it states no fact which brings it under any recognized head of equity jurisdiction.

But granting it does not, does it make out a case for redemption under the statute, sections 7079 and 7080, Revised Statutes 1889? Plaintiff denominates it as a suit to be al-

lowed to give a bond to redeem. The plaintiff nowhere avers that he executed a bond in the proper amount and to the proper parties, but after relating at length the futility of his efforts to get the defendants to enter into an agreement with him allowing him to redeem, says he consulted counsel with reference to his right to redeem, and was advised to make this application.

If counsel prefer to make a written application, instead of tendering a bond to the court, all that the statute requires, perhaps no objection can be made to it, however unnecessary such a course may be, but the petition will amount to nothing under the statute, however well it may be drawn, if it is not accompanied by the bond itself. The statute evidently regards the bond as the *sine qua non.*

The bond is the condition precedent that is indispensable. The statute quite clearly indicates the character of the bond. It is required to secure "the payment of the interest to accrue after the sale and for all damages and waste that may be occasioned by the party whose property is sold." If the debtor has doubt about the proper amount of the penalty he can readily inquire of the judge or clerk. Little difficulty need be apprehended in actual practice. But filing a long petition praying the leave of the court to do that which the statute confers as an absolute right seems wholly unnecessary.

One thing is clear, that without the filing of the bond there is no redemption allowed under these statutory provisions. If the circuit court or clerk require an unreasonably large bond, the party should tender a reasonable bond with solvent sureties and keep the tender good, and the refusal of the court or clerk to approve the bond might afford ground for equitable relief, but the statute nowhere countenances the practice of a party substituting a petition to be allowed to file a bond for the tender of the bond itself. The cases all require notice to be given either to the trustee or the beneficiary of the

intention to give the bond, and counsel rely upon the decision in Union Central Life Ins. Co. v. Rogers, 155 Mo. 307, to show that plaintiff used all proper diligence, but the facts are dissimilar. In Ins. Co. v. Rogers, supra, the beneficiary was notified on the day of sale and the bond which was quite a large one was filed in twenty-six days. The debtor lived eighteen miles distant and was a farmer and the land sold constituted the bulk of all he owned. In this case no notice was given either to the beneficiary or the trustee until the ninth day of December, 1896, forty days after the sale, although all the parties lived in the same city.

We agree with the circuit court that the plaintiff did not give the notice of his intention to file the bond in a reasonable time, and as he has never executed and tendered a bond at all, he has entirely failed to bring himself within the purview of the statute.

II. This case presents a novel condition in the record. The plaintiff obtained an extension of time within which to file his bill of exceptions. Within that time his attorneys filed the bill, and then discovered their client was dead at the date of filing.

The order of filing was set aside and the court of its own motion and before the cause had been revived extended the time until the next term.

We are clearly of opinion that after the death of plaintiff and before his heirs had been brought in and the defendants served, it was not competent for the court to make this order or take any other steps save to revive the cause, even if that was permissible, as to which we express no opinion.

This case should be a warning to the circuit courts and attorneys against the practice of extending time to file bills of exceptions for an unreasonable time. Unnecessary delays in

Vol 163 mo—20

the disposition of appeals are constantly occurring in this way.

The judgment of the circuit court is affirmed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.