## ÆTNA CASUALTY & SURETY CO. v. NATIONAL BANK OF TACOMA.

### No. 6789.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1932.

J. Speed Smith and Henry Elliott, Jr., both of Seattle, Wash., and Henderson, Carnahan & Thompson, of Tacoma, Wash., for appellant.

Hayden, Metzger & Blair, Elmer M. Hayden, F. D. Metzger, and A. E. Blair, all of Tacoma, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

Appellee brought an action against appellant to recover upon a bond, in the amount of $4,000, executed by appellant, as surety, and American Wood Pipe Company, as principal, the bond running to appellee and/or Twin Harbors Lumber Company, as obligees. At the conclusion of appellee's case, appellant moved for a directed verdict, which was denied. Appellant introduced no evidence, and the court instructed the jury to return a verdict for appellee. A judgment in the sum of $4,244.36, including interest, was entered thereon, from which this appeal is prosecuted. The facts are not in dispute, but appellant challenges the sufficiency of the evidence to support the judgment.

It appears that for several years prior to the transaction in suit appellee had been making advances to the American Wood Pipe Company to enable it to carry on its operations. Loans so made usually were secured by assigning to appellee invoices of the Pipe Company, covering the products manufactured and sold by it, accompanied by bills of lading showing shipments made. In 1928 the pipe company requested that appellee make advances to it on the strength of unfilled orders, the proceeds of which would be assigned to appellee. This appellee declined to do. However, such advances were thereafter made by appellee on the strength of undertakings executed by the pipe company and the appellant, as surety, in form similar to the bond sued upon in this case. In addition to the bond, appellee also took a note from the pipe company for the amount of each advance and an assignment of payments to be made upon fulfillment of the respective orders. Appellant had knowledge of the fact that the primary purpose of the bonds was to secure the desired advances.

January 21, 1929, the pipe company applied to appellee for an advance of $3,375 on the representation that it was in receipt of an order from the Twin Harbors Lumber Company for goods to be manufactured and supplied in the amount of $3,950. The advance thus applied for was made upon the pipe company's note in the principal sum of $3,375, an assignment of the proceeds of the order, and the delivery of the bond in suit to appellee. The bond was of even date with the advance, and was executed by the pipe company, as principal, and appellant, as surety, in favor of appellee and/or Twin Harbors Lumber Company, as obligees, the condition of which is as follows:

"The condition of this obligation is such that, whereas, the said principal has accepted a written order from the Twin Harbors Lumber Company of Aberdeen, Washington and/or The National Bank of Tacoma, Tacoma, Washington, dated January 19th, 1929, for furnishing the following quantity of material:

"50 M. B. M. 1½x4 8 ft. S2S 1¼x3¾ Edges Rough at $41.50 f. o. b. Tacoma.

"50 M. B. M. 1½x4 9 ft. S2S 1¼x3¾ Edges Rough at $37.50 f. o. b. Tacoma, shipment to be made within sixty days, which order is by reference made a part hereof as fully to all intents and purposes as if set forth at length herein.

"Now, therefore, if the said Principal shall supply the material in accordance with the written order, and if they will indemnify Twin Harbors Lumber Company of Aberdeen, Washington and/or The National Bank of Tacoma, Tacoma, Washington, against any direct or indirect damages that may be suffered or claimed for lack of delivery of material within the time called for; and further conditioned as required by law for the payment of all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such person or persons or sub-contractors with provisions or supplies for the carrying on of such work, and all just debts, dues and demands incurred in the performance of the work, then and in that event this obligation shall be void, but otherwise it shall remain in full force and effect."

The order in question had not been filled by the pipe company on April 19, 1929, when it went into receivership. Appellee received nothing from the pipe company or the Twin Harbors Lumber Company on account of the transaction. The receiver found no such order in the records of the pipe company, and officers of the Twin Harbors Lumber Company testified that no such order had been given.

Appellant's main contentions are: That the instrument sued upon is a contract of surety and not of indemnity; that it should be strictly construed according to its express language, and that so construed the evidence is insufficient to support the judgment; and that the court erred in permitting the intro-

duction of evidence varying the terms of the bond.

■ Similar questions upon a similar bond were presented by the parties to this suit before the Supreme Court of Washington in the case of National Bank of Tacoma v. Aetna Casualty & Surety Co., 161 Wash. 239, 296 P. 831, in which case the Washington court held the bond to be an original contract or undertaking in indemnity. We are in accord with the ruling of the Washington court.

This court, in Fidelity & Dep. Co. v. Duke, 293 F. 661, 663, said: "The character of the bond is determined by its terms and the circumstances of its execution. Miles v. Baley, 170 Cal. 151, 149 P. 48; United, etc., Co. v. Poetker, 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B, 984."

In Frye v. Bath Gas & Electric Co., 97 Me. 241, 54 A. 395, 396, 59 L. R. A. 444, 94 Am. St. Rep. 500, the court said: "The use of the word 'indemnify' shows the object and nature of the contract. It was to reimburse, or make whole, the assured against loss on account of such liability."

In Evans v. United States Fidelity & Guaranty Co., 195 Mo. App. 438, 192 S. W. 112, 115, the court said: " * * * A bond is construed in the same way as any other contract, that is, with regard to the intention of the parties and the purpose of the bond, as disclosed by the instrument, read in the light of the surrounding circumstances."

For other authorities supporting the view taken, we cite American Bonding Co. v. Pueblo Inv. Co. (C. C. A. 8) 150 F. 17, 9 L. R. A. (N. S.) 557, 10 Ann. Cas. 357; Eckhart v. Heier, 37 S. D. 382, 158 N. W. 403; Wolthausen v. Trimpert, 93 Conn. 260, 105 A. 687; 31 C. J. 419.

■ The court below did not err in receiving parol evidence showing the circumstances surrounding the issuance of the bond in question and the understanding of the parties respecting the purpose for which it was executed, not only correctly to ascertain the intention of the parties, but also to properly resolve ambiguities appearing in the language employed in the instrument. Davis v. Patrick, 141 U. S. 479, 12 S. Ct. 58, 35 L. Ed. 826; Bort v. E. H. McCutchen & Co. (C. C. A.) 157 F. 182, 184; Kauffman v. Raeder (C. C. A.) 108 F. 171, 175, 54 L. R. A. 247; Gamble v. Cuneo, 162 N. Y. 634, 57 N. E. 1110; Id., 21 App. Div. 413, 47 N. Y. S. 548; 22 C. J. 1184, 1186.

On behalf of appellant it is urged that the bond "definitely fixes the status of the bank as an obligee under the bond to be that of a vendee of materials from the Wood Pipe Company," and that, "since the bond only protected it should it order material from the Wood Pipe Company, * * * without such an order it was not damaged by the failure of the Pipe Company to manufacture the materials." This contention is wholly without merit when all of the surrounding circumstances are considered, particularly the purpose as understood by the parties for which the bond was executed. While more precise language could have been used to express the purpose intended, the appellant knew that the bank was not ordering material but was advancing money for its manufacture, and that the primary purpose of the bond was to indemnify the bank in the event of loss occasioned by the pipe company failing to deliver material in accordance with the order recited in the bond.

The bank having advanced money to the pipe company upon the strength of the recital in the bond of an order for material to be furnished, appellant is estopped to deny such order was ever given. 21 C. J. 1096.

■ Appellant makes the further contention that judgment in no event should have been entered for more than one-half of the penalty of the bond, with interest. The basis of this contention is that the bond runs to two obligees, one of whom is not a party to the action. This contention is without merit. National Bank of Tacoma v. Aetna Casualty & Surety Co., supra, 161 Wash. 239, 296 P. 831.

■ Judgment was allowed in favor of appellee for the amount of the order or invoice as recited in the bond, $3,950, less 7 per cent. for commissions or discounts, or $3,-673.50, together with interest from the date of the receivership. We think appellee's damage for which it is entitled to recover is the amount of the advance, $3,375, together with interest thereon as specified in the note, from January 21, 1929. The judgment will be modified by reducing the same accordingly; and, as so modified, the judgment is affirmed.