STATE EX REL. THOMAS E. HANKS, RELATOR, v. THOMAS J. SEEHORN, JUDGE, RESPONDENT.—55 S. W. (2d) 714.

Kansas City Court of Appeals.   December 19, 1932.

*Sebree, Jost & Sebree* and *Mord M. Bogie* for relator.

*Judy & Whittelsey* for respondent.

CAMPBELL, C.—Relator brought this proceeding in this court to obtain writ of prohibition against Hon. Thomas J. Seehorn, one of the judges of the circuit court of Jackson county, to restrain and prohibit him from further proceeding in a matter pending in the court over which he presides, wherein Maude E. Carlisle and Charles D. Carlisle seek to redeem land in Jackson county which had been sold upon the foreclosure of a deed of trust. A preliminary rule was made upon the respondent to show cause why a final judgment in prohibition should not be entered against him. To this order the respondent has made return. Relator has filed motion for judgment on the pleadings. The motion, as a matter of law, concedes all the facts stated in the return. An examination of the relator's petition and the respondent's return reveals that no material fact is in dispute. The facts are:

Maude E. Carlisle and her husband, Charles D. Carlisle, hereafter called mortgagors, executed a deed of trust in usual form which, by its terms, conveyed land in Jackson county to a trustee named therein to secure the payment of five promissory notes aggregating $5500 which were made payable to Summers Investment Company. The debt evidenced by the notes became due and remained unpaid. Thereupon the trustee, on September 15, 1932, after having advertised the property for sale, sold it to the relator, Thomas E. Hanks. The regularity of the sale is not questioned. At the sale the mortgagors gave due notice of intention to redeem the land. On October 4 or 5, it matters not which day, the mortgagors, after having given due notice thereof, filed petition or motion in the court over which respondent was pre-

siding, together with *a bond* to redeem. The bond was signed by mortgagors and Carlisle Investment Company, a corporation organized under the law of Missouri relating to manufacturing and business corporations. On October 14 the mortgagors "offered additional security upon said bond, and filed a declaration of trust, signed by Charles D. Carlisle, Jr." The by-laws of the Carlisle Investment Company "were changed for the purpose of making this bond." The respondent heard evidence and "ruled that Maude E. Carlisle and Charles D. Carlisle had the right to redeem." The proceeding was continued from time to time until on November 5, at which time the bond, first presented on October 4 or 5, "again was signed by Carlisle Investment Company." Upon the signing of the bond on November 5 respondent announced that he would continue the cause for ten days in order to enable the relator "to ask for writ of prohibition." The return pleads that respondent has jurisdiction to hear the matter so brought into his court by the mortgagors and has power and jurisdiction to approve the bond presented by them, and prays that relator's petition be dismissed.

The allegations quoted herein appear in the return.

The Carlisle Investment Company was organized in 1910. Its charter power "is to buy, sell, own, and mortgage real estate, deal in real estate securities, erect buildings, own, lease, mortgage, sell, manage and operate public or private amusement parks, all for pecuniary profit and gain."

It is stated in relator's brief that the investment company on November 1 amended its articles of incorporation, attempting thereby to obtain power enabling it to become surety on the bond, but no such fact is pleaded in the return. The return says it amended its *by-laws* for that purpose. It is not alleged whether the amendment was made by its directors or by its stockholders, but regardless of that question a by-law would be ineffective to confer upon the corporation power which it did not possess by virtue of the terms of its charter. The law forbid it to become a surety and the by-law, if such was adopted, was inconsistent with the charter and was therefore utterly void. [14 C. J., p. 363.] The act of signing the bond was "*ultra vires* the corporation and void." [Hunter v. Land & Cooperage Company, 151 S. W. 741, 246 Mo. 131, 135.] Moreover, the mortgagors and respondent proceeded upon the theory that the Carlisle Investment Company was not bound as surety until it "again signed" the bond on November 5, fifty-one days after the foreclosure sale.

The mortgagors were not entitled to redeem unless they brought themselves within the terms of Sections 3063 and 3064, Revised Statutes of Missouri 1929. One of the essential requirements was that within twenty days after the foreclosure sale they give security to

the satisfaction of the court in which they brought the proceeding to redeem. "Said security shall be by bond executed by the person or persons so entitled to redeem with at least one good surety." Absent a bond "with at least one good surety," the right to redeem did not exist. The statute "evidently regards the bond as the *sine qua non.* The bond is the condition precedent that is indispensable." [Walmsley v. Dougherty, 63 S. W. 693, 163 Mo. 298, 304.] "The bond creates the right to redeem or at least such right cannot be exercised without it." [Evans v. U. S. F. & G. Co., 192 S. W. 112, 195 Mo. App. 438, 442.]

The instrument which respondent pleads was a bond and which was filed with or presented to him on October 5 was not, within the meaning of the law, signed by a surety. The corporation, lacking power to execute the bond, the instrument was entitled to no other or greater force or effect than if its name had been omitted therefrom.

The time limited by the statute in which bond to redeem may be presented or filed is twenty days after the foreclosure sale, and a bond presented at a later date would not give the court in which it was presented jurisdiction of the proceeding. It is the presenting or filing of a bond within twenty days after the foreclosure, with at least one surety, which confers jurisdiction to hear motion to approve it, and inasmuch as no bond signed by a surety was presented to respondent or filed in the court in which he was presiding within the statutory period, he was without jurisdiction to proceed in the matter or to allow a bond to be signed even by a qualified surety on November 5.

The return says that the respondent has ruled that the mortgagors have right to redeem. This statement considered in connection with the averment that respondent thereafter continued the cause for the purpose of enabling the relator to seek prohibition means, as we understand it, that respondent announced to the parties that he will approve the bond and adjudge the mortgagors entitled to redeem unless he is prohibited from further proceeding.

We hold that the Carlisle Investment Company did not at any time have power to bind itself as surety upon the bond; that the mortgagors having failed to present or file a bond within twenty days after the foreclosure sale, with at least one good surety, the right to redeem did not exist, and that the respondent, in announcing that the mortgagors had right to redeem and that he would take further cognizance of the cause, was acting in excess of his jurisdiction. The preliminary writ of prohibition is made permanent. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The preliminary writ of prohibition is made permanent. All concur.