EVERETT C. DAWSON, APPELLANT, v. GEORGE L. HETZLER AND MARTHA J. HETZLER, RESPONDENTS.—74 S. W. (2d) 488.

St. Louis Court of Appeals.   Opinion filed September 7, 1934.

*Thomas I. Johnson* and *Otto P. Shanks* for appellant.

*Barker Davis* for respondent.

SUTTON, C.—This is a proceeding brought by plaintiff to redeem a farm in Lewis county under the provisions of sections 3063 and 3064, Revised Statutes 1929.

There is no dispute respecting the salient facts in the case.

On August 25, 1933, at about one o'clock p. m., the farm in question was sold at trustee's sale at the courthouse door, in Monticello, under a deed of trust previously given by George W. Heckrodt and Tillie P. Heckrodt, his wife. The sale was made by the trustee on account of default in the payment of interest and taxes.

On August 21, 1933, George W. Heckrodt and his wife conveyed the farm to plaintiff for the purported consideration of three hundred dollars and the assumption of the debt secured by the deed of trust. At the foreclosure sale defendants, George L. Hetzler and Martha J. Hetzler, holders of the debt secured by the deed of trust, being the highest bidders, became the purchasers.

No notice, written or otherwise, of the purpose to redeem was given by the plaintiff to the trustee at any time. Written notice of such purpose, however, was served upon defendants at their home in Canton about 9:15 in the evening following the sale.

The farm was conveyed to defendants by deed duly executed by the trustee and filed for record in the office of the recorder of deeds, in the afternoon following the sale. Defendants paid the taxes due on the farm during the afternoon. They remained in and about the courthouse until about 4:30 in the afternoon.

On September 9, 1933, plaintiff instituted this proceeding by filing a redemption bond and application for its approval in accordance with section 3064, Revised Statutes 1929.

The court upon the trial declined to approve the bond on the ground that notice of the purpose to redeem was not given as required by the statute, and gave judgment dismissing the proceeding. Plaintiff appeals.

Plaintiff does not contend that the requirement of the statute respecting notice was complied with, but insists that the statute is directory with respect to notice, and that the notice given to the purchasers at their home as shown in evidence suffices.

Section 3063, provides that the person entitled to redeem "shall give written notice at the sale or within ten days before the sale to the person making or who is to make the sale of the purpose to redeem" if the holder of the debt secured by the deed of trust becomes the purchaser at the sale.

Section 3064, provides that "no party shall have the right of redeeming from any such sale as set forth in the preceding section unless he shall have given the written notice specified in said preceding section, and shall within twenty days after such sale give security to the satisfaction of the circuit court" for the payment of interest, taxes, damages, and costs.

The section also provides, among other things, that if the bond is given and approved the trustee at the request of the purchaser shall execute to him a certificate of sale or purchase and that if redemption is not made within one year he shall thereupon execute a deed of conveyance to the purchaser.

One can hardly read this statute without being impressed with its definite and mandatory terms respecting the notice required. It positively requires that the notice, which is definitely specified both as to its character and the time of service, shall be given, and then as positively declares that no party shall have the right of redeeming unless he shall have given the notice so specified.

The other provisions of the statute, requiring the trustee to give the purchaser a certificate of sale or purchase if the bond is given and approved and make a deed to the purchaser if redemption is not made, also indicates that the statute with respect to notice is mandatory, to the end that the trustee may withhold his deed awaiting the approval of the bond, and the making of redemption if the bond is approved.

Statutory provisions in regard to the time of doing an act are generally to be taken as mandatory where a consequence is attached to a failure to comply therewith. [Shaw v. Randall, 15 Calif. 385.] Here a consequence is expressly attached to a failure to comply with the provisions for notice, that is, that there shall be no right of redemption in the event of such failure.

Of course, the notice given to the purchasers in this case, as shown in evidence, was not notice at the sale to the person making the sale.

It should be kept in mind that this proceeding is not in equity. It is purely statutory. In such proceeding compliance with the statute is an essential showing. [State ex rel. Hanks v. Seehorn (Mo. App.), 55 S. W. (2d) 714.] In the case cited compliance was even held to be jurisdictional.

The commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of Sutton, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hostetter, P. J.*, and *Becker* and *McCullen, JJ.*, concur.