The STATE of Missouri at the Relation of GRAVOIS HOME SAVINGS AND LOAN ASSOCIATION, Relator,

v.

The Honorable Herbert K. MOSS, Judge of Division No. I of the Circuit Court of Jefferson County, Hillsboro, Missouri, Respondent.

No. 33605.

St. Louis Court of Appeals, Missouri.

Sept. 22, 1970.

Padberg, Raack, McSweeney & Slater, St. Louis, for relator.

Roesel & Scher, Isadore Scher, Clayton, for respondent.

BRADY, Judge.

This original action for our Writ of Prohibition arose out of a statutory redemption proceeding. We issued our pre-

liminary rule. Upon submission the relator's sole contention is that respondent has no further jurisdiction in a statutory redemption matter where the party seeking the redemption failed to post a security bond within twenty days after the date of foreclosure sale.

The essential facts are not in dispute. Relator was the mortgagee and holder of a note and deed of trust on certain land located in Jefferson County, Missouri. Scotsdale Mobile Park and Sales Corporation, Inc., now known as Scotsdale Sales Corporation, and referred to hereafter as Scotsdale, was the owner and mortgagor of said real property. Scotsdale defaulted and pursuant to legal notice and under the terms of the deed of trust the property was sold at foreclosure to the mortgagee.

The pertinent dates are as follows: April 19th, Scotsdale serves a notice of redemption upon the trustee under the deed of trust; April 23rd, the date of sale; and May 13th, Scotsdale files its petition to redeem. On that day Scotsdale contends it also presented the "redemption bond" to the respondent. The alleged "redemption bond" was in blank; that is, there were blanks on the bond wherein the name of the surety, his or its address, the sum of the bond, the date thereof, and the signature of Scotsdale and the surety were provided for but were not filled in. The other pertinent date is May 13, the twentieth day following the sale. Upon receipt of the petition and the blank "redemption bond" the respondent set a hearing on May 28, 1969, for the purpose of establishing the amount of the surety bond and whether it would accept a personal surety. On May 14 a letter was mailed to the trustee giving notice of this hearing. On the 17th day of May relator filed a motion to dismiss on the grounds the court no longer had jurisdiction and respondent granted Scotsdale time to file a brief in response thereto. On July 7, 1969 relator's motion to dismiss was overruled and a hearing on Scotsdale's petition for redemption was set for the 14th day of that same month. At this hearing it appears that counsel for relator reargued his motion to dismiss and the trial court evidently struck its action on July 7 and again took under submission that motion. On July 17 it finally overruled the motion and set a hearing for July 25 to fix the amount of the bond and determine the type of surety.

While there is some attempt on the part of Scotsdale to argue that it has presented a case in equity to set aside the trustee's sale and deed, it is clear from the petition to redeem that it is proceeding purely under the statutes which are referred to in the petition and to the provisions of which the petition closely corresponds. We rule this matter solely as a statutory redemption proceeding.

Those controlling statutes are §§ 443.410, 443.420, and 443.430, RSMo, V.A.M.S. In the first of these sections redemption is provided for on the condition the person entitled to redeem gives written notice at the sale or within ten days before that date of the intention to redeem. Scotsdale's action on April 19, four days before the sale, satisfies this requirement. § 443.420, supra, adds the additional requirement that the party having the right of redemption " * * * shall * * * within twenty days after such sale give security to the satisfaction of the circuit court of the county" for certain sums which are thereinafter set forth. § 443.430, supra, requires a motion or application for the approval of the bond to be filed along with the bond and " * * * at least one day's notice in writing thereof and of the time when the same will be filed and presented * * *." That same section also provides for temporary approval by the clerk subject to further action of the court when the court is not in session and then states: " * * * but unless so temporarily approved or presented to the court or judge thereof in chambers for consideration within such twenty days the same shall be taken and deemed as finally rejected and disapproved. The court or judge thereof may continue or adjourn the hearing or

consideration of such bond when so within such twenty-day period temporarily approved by the clerk or presented to the court or judge thereof but the proceedings thereon shall be speedily and summarily acted upon and settled including the right or not of the obligor or obligors in the bond to give bond and to make such redemption."

Scotsdale contends that when a bond is presented to the court or judge within the twenty-day period following sale he may thereafter continue or adjourn the hearing or consideration of such bond and that this is what happened in the instant matter. It further contends that the presentation to the trial court of a piece of paper blank in all material aspects (such as the name of the surety, the amount of the bond and the signatures of the principal and surety) is sufficient as the trial court indicated it wished to hear relator and/or the trustee as to the amount of the bond and whether the surety should be personal or corporate, and set a hearing for that purpose. Under such circumstances, it argues, the fact the hearing was to be held and the trial court's approval of the bond was to occur after the expiration of the twenty-day period is immaterial.

■ The provisions of these statutes are mandatory. Dawson v. Hetzler, 230 Mo.App. 737, 74 S.W.2d 488, l.c. [2]489. Scotsdale is not entitled to redeem unless it has brought itself within the terms of the statutes and compliance with the statutory provisions is jurisdictional. See State ex rel. Hanks v. Seehorn, 227 Mo.App. 666, 55 S.W.2d 714, where at [5, 6]715 it was held: "The mortgagors were not entitled to redeem unless they brought themselves within the terms of sections 3063 and 3064, RSMo 1929 (Mo.St.Ann. §§ 3063, 3064). One of the essential requirements was that within 20 days after the foreclosure sale they give security to the satisfaction of the court in which they brought the proceeding to redeem. 'Said security shall be by bond executed by the person or persons so entitled to redeem with at least one good surety.' Absent a bond 'with at least one good surety,' the right to redeem did not exist. The statute 'evidently regards the bond as the sine qua non. The bond is the condition precedent that is indispensable.' Walmsley v. Dougherty, 163 Mo. 298, 304, 63 S.W. 693, 694. 'The bond creates the right to redeem, or at least such right cannot be exercised without it.' Evans v. U. S. F. & G. Co., 195 Mo.App. 438, 442, 192 S.W. 112, 114." In the Walmsley case cited by the court in State v. Seehorn, supra, the duty placed by the statute upon the person seeking to redeem is clearly set forth. Therein it is pointed out how with little difficulty in actual practice the proper amount of the bond can be ascertained; that, if an unreasonably large bond be required, the tender of a reasonable bond will comply with the statute or give grounds for equitable relief; but that "One thing is clear, that, without the filing of the bond, there is no redemption allowed under these statutory provisions." Scotsdale did not file a bond for any amount in the instant proceeding. The paper it filed in blank is the same, in effect, as the ultra vires and illegal bond filed in Seehorn, supra.

We pass now to a consideration of the requirements of § 443.430, supra. It is obvious from the recital of facts contained in this opinion that no written notice of the time when the motion or application for approval of the bond was to be filed and presented was given to the relator or to the trustee since the relator was not a resident of that county. No written motion or application for approval of the bond is contained in the exhibits filed with this court. There is an allegation in the petition to redeem that a copy thereof had been served upon the trustee and that he was thereby notified the petition would be presented on the 14th day of May, 1969. The petition for our writ alleges this notice was not given; that in fact the relator was not served with a copy of the petition until May 21; and that the trustee had not been served at the date of filing the petition for the writ with us on July 21. The

return alleges that Scotsdale "* * * did communicate with Trustee who sold the realty and was an officer of the purchaser corporation prior to filing of his petition to redeem and did inform said Trustee of date of filing." It is apparent from the allegations of the petition for our writ and the return thereto there was no written notice given to the relator at least one day prior to and informing it of the time when the bond will be filed and presented and approval requested.

Scotsdale has not brought itself within the mandatory provisions of either § 443.-420 or § 443.430, supra. The writ is made absolute.

WOLFE, P. J., and DOWD, J., concur.