In the Matter of Grayling
TAYLOR, Debtor.

JAMES B. NUTTER AND COMPANY,
a Missouri corporation, Plaintiff,

v.

Grayling TAYLOR, and Rita A. Rhodes,
Trustee, Defendants.

Civ. No. 82–00559–CV–W–5.
Bankruptcy Nos. 81–02950–W–13,
81–1978–W–13.

United States District Court,
W.D. Missouri, W.D.

Oct. 13, 1982.

Alan E. South, Crews, Milliard & South, Kansas City, Mo., for plaintiff.

Maureen Scully, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

This is an appeal from a judgment entered in favor of Taylor and Rhodes on June 18, 1982 by the Bankruptcy Court of this District. *See,* 28 U.S.C. § 1334 and § 1471; 11 U.S.C. § 362(d)(1). Appellant James B. Nutter and Company ("Nutter") contends that the Bankruptcy Court erred in holding that the Debtor retained a legal or equitable interest in a right of redemption at the time of the Debtor's filing of a petition for adjustment of debts under Chapter 13 and that the interest became property of the Bankruptcy Estate. Nutter raises other grounds of error, but, for the reasons which follow, the Court reverses the Bankruptcy Court on the first ground and does not reach the other grounds.

### I

On March 23, 1979, the Debtor, Grayling Taylor, executed a purchase money promissory note in the principal sum of $11,950.00 plus interest for the purchase price of a residence. The note was payable to Nutter. Contemporaneously with the execution of the promissory note, Taylor executed a deed of trust on real property to secure payment of the note. On April 1, 1981, Taylor defaulted on his payment to Nutter and continued to default on his payments in the ensuing months of May, June, July and August. Nutter placed the loan

in foreclosure and appointed a successor trustee to commence the foreclosure of the deed of trust through advertised notice of a Trustee's sale scheduled for September 17, 1981. Nutter purchased the property at the public sale for $12,539.90. A Trustee's Deed was recorded on September 17, 1981.

On September 23, 1981, Taylor filed his petition for adjustment of debts under Chapter 13 of the Bankruptcy Code. Taylor did not seek to redeem the property at any time prior to the foreclosure sale. No irregularities occurred in the foreclosure process. The Debtor's plan, as confirmed, proposed to place all pre-petition defaults under the plan and to maintain current monthly mortgage payments outside the plan.

## II.

Nutter contends that the Bankruptcy Court erred when it held that the Debtor retained an interest in a right of redemption at the time of the Debtor's filing of a petition for adjustment of debts under Chapter 13 of the Bankruptcy Code and that the interest passed into the Bankruptcy Estate. It is clear under the Code that "all legal and equitable interests of the Debtor in property" at the time the petition is filed are property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Those legal and equitable interests are generally determined by reference to state law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). *See also In re Paukner,* 10 B.R. 29 (Bkr.Ohio 1981); *In re Parker GMC Truck Sales, Inc. v. United States,* 6 B.C.D. 899 (S.D.Ind.1980). The legislative history of Section 541 similarly indicates that Congress intended that the interests of the debtor be determined by state law. *See,* Sen.Rep. No. 95–989, 95th Cong., 2nd Sess. 82–3 (1978); H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 367–8 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5868–5869, 6322–6324. Thus, this Court, as well as the Bankruptcy Court, must look to Missouri law in order to ascertain what legal or equitable interests Taylor owned at the time he filed his petition under Chapter 13.

On September 17, 1981, the residence owned by Taylor was sold at a Trustee's sale and purchased by Nutter for $12,539.90. Taylor had continuously defaulted on his payments beginning in April of 1981. Once a default has occurred and the Trustee's sale properly conducted, Missouri law provides that the Trustee's sale operates as a complete foreclosure. *Green v. Spitzer,* 343 Mo. 751, 123 S.W.2d 57, 60 (1983); *Plumb v. Studebaker,* 89 Mo. 162, 1 S.W. 217, 219 (1886). The foreclosure and the execution of the Trustee's deed in favor of Nutter divested the fee out of Taylor, the mortgagor. *See, Hill v. Ballard,* 178 S.W. 445, 446 (Mo.1915). The foreclosure passed title to Nutter on the date the deed of trust was executed. *See, S.S. Kresge Co. v. Shankman,* 240 Mo.App. 639, 212 S.W.2d 794, 801 (1948). The deed of trust was recorded by Nutter on September 17, 1981.

Missouri statutory law provides for redemption from a deed of trust forecloure within one year of the date of sale to the holder of the note if a three-step process is followed. *See,* Sections 443.410, 443.420, and 443.430, RSMo 1978. The owner of the equity of redemption must initially give notice of his or her intent to redeem by serving a written notice on the person conducting the sale on the day of the sale or within ten days of the day of the sale. Section 443.410, RSMo (1978). The giving of the notice is critical and is a precondition to preservation of statutory redemption rights. Section 443.420, RSMo 1978. *See, Euclid Terrace Co. v. Golterman Enterprises, Inc.,* 327 S.W.2d 542, 545 (Mo.App. 1959); *Dawson v. Hetzler,* 230 Mo.App. 737, 74 S.W.2d 488, 489 (1934). Taylor concedes that he took no steps to effectuate his statutory right of redemption in the property purchased by Nutter prior to his filing of a petition under Chapter 13. Since both parties agree that no legal or equitable interest in a statutory right of redemption was extant at the time the petition was filed, no such interest became property of the bankruptcy estate.

The Bankruptcy Court, however, ignored both the evidence and the rigorous nature of the Missouri foreclosure procedure. It

flippantly ruled that "[T]he notice period does not appear to be critical. In any case, the Court holds that the filing of the Chapter 13 plan within a few days of the foreclosure is sufficient notice of Debtor's intention to retain the property." The Bankruptcy Court cited no authority in support of its ruling. Additionally, the Bankruptcy Court had no evidence before it which could lead it to conclude that the Debtor meant anything by the filing of the Chapter 13 plan other than that he wanted an adjustment of his debts. The Bankruptcy Court not only ignored a great body of Missouri common and statutory law in reaching its decision, but also based its novel holding on pure speculation. Clearly, the Bankruptcy Court abused its authority in deeming the filing of a Chapter 13 plan as notice sufficient to override the elaborate notice requirements present in the Missouri statutory redemption provisions.

The Bankruptcy Court additionally bolstered its holding on the theory that even if a statutory right of redemption had been forfeited by the Debtor, the Debtor retained an equitable right of redemption which is distinct from the statutory right. The Bankruptcy Court, however, ignored the limited circumstances in which the equitable right can be asserted. The equitable right of redemption is only available where some irregularity has occurred in the sale of the property being foreclosed. *Fitzpatrick v. Federer*, 315 S.W.2d 826 (Mo.1958) (conspiracy to chill bidding at sale); *Kennon v. Camp*, 353 S.W.2d 693, 695 (Mo.1962). Though Taylor conceded that no irregularity occurred, the Bankruptcy Court, nonetheless, reached out to apply an equitable doctrine which was clearly inapplicable. The Bankruptcy Court again overstepped its authority.

Because the Bankruptcy Court erred in its initial determination that the Debtor had an interest in a right of redemption which became property of the bankruptcy estate, this Court need not address Nutter's other claims of error. The initial error compels reversal.

### III.

Accordingly, it is hereby

ORDERED that the decision of the Bankruptcy Court is reversed and judgment is entered in favor of Nutter. It is further

ORDERED that each party bear its own costs.