STATE OF MISSOURI EX REL., RELATOR, HOME OWNER'S LOAN CORP. v. HON. DANIEL E. BIRD, JUDGE OF CIRCUIT COURT, JACKSON COUNTY, MO., RESPONDENT.—110 S. W. (2d) 386.

Kansas City Court of Appeals. November 27, 1937.

*Redick O'Bryan* and *Burns & White* for relator.

No brief for respondent.

SPERRY, C.—Home Owners' Loan Corporation, a corporation, known herein as relator, sought and obtained from this court a preliminary writ of prohibition directed to the HON. DANIEL E. BIRD, duly elected, qualified and acting Judge of Division No. 8 of the Jackson County Circuit Court, known hereafter as respondent.

The facts are that Numa F. Heitman and Emma P. Heitman were the owners of certain real estate situated in Jackson County and described in the petition; that they made, executed and delivered to relator their note secured by deed of trust on said property; that said note became delinquent and the deed of trust was legally foreclosed and the property sold on October 28, 1936; that relator became the purchaser at said sale after legal notice to it that Heitmans intended to redeem under the provisions of sections 3063 and 3064, Revised Statutes Missouri, 1929; that on November 12, 1936, Heitmans filed in the court of respondent their application to redeem, accompanied by a bond duly executed by them and by Walter Granville Tyson as surety; that on November 14, 1936, respondent considered said application and bond and made an order of record disapproving said bond and denying the application. Thereafter on November 23, 1936, which was more than twenty days after the sale but during the same term of court at which the previous order was made, respondent set aside the former judgment, permitted Heitmans to strike the name of Tyson from the bond, permitted Earl Russell to sign same and "refile" it. It was then approved and the application for redemption was granted.

In Missouri if a mortgagor seeks to redeem foreclosed property he must, under the provisions of Section 3063 and 3064 R. S. Mo. 1929, within twenty days after sale, file a bond which must be according to the terms of the statutes, and which must be approved by the court. If no such bond is filed within the twenty day period the court has no jurisdiction to grant the right of redemption. [State ex rel. Hanks v. Seehorn (K. C.), 55 S. W. (2d) 714, 1. c. 715.] The filing of the bond is jurisdictional. It is a condition precedent, and without compliance no jurisdiction for any purpose attaches in the circuit court. [Williams v. Safety Savings and Loan Association (K. C.), 58 S. W. (2d) 787, 1. c. 789; Dawson v. Hetzler et al. (St. Louis), 74 S. W. (2d) 488, 1. c. 489.]

The only bond before the court prior to the expiration of the twenty day statutory period was the one signed by Tyson. It was specifically disapproved by respondent and was abandoned by the Heitmans. That was the situation until November 23, 1936, at which time respondent permitted a new bond with a new surety to be filed. There was at that time no bond in existence which

could be amended. Additional security could not be ordered because there was no bond to be additionally secured, even if that be the method by which additional security may be taken. The filing of the bond signed by Russell as surety was out of time. Respondent at that time had no jurisdiction to entertain any motion or take connection with this matter.

Respondent contends that prohibition will not lie for the reason that there is an adequate remedy by appeal. In State ex rel. Orr v. Latshaw, 291 Mo. 592, l. c. 598, the Supreme Court said: "As an abstract proposition of law this doctrine is not questioned. However, it has no application in the case at bar. Here the paramount issue is the question of respondent's jurisdiction . . ." In that case it was held that the court was utterly without jurisdiction to arrest judgment after the term expired. In State ex rel. Mueller v. Wurdeman et al., 232 S. W. 1002, l. c. 1004, the Supreme Court, *en banc,* said: "While we are satisfied that relator had a complete, effective and speedy remedy by appeal . . . and that this court, . . ., might well have refused to have issued the Preliminary rule, yet, since the cause is before us, and we are plainly within our powers in so doing, we will proceed to dispose of the case on its merits." Upon the above authorities we rule this point against respondent.

It is next contended that the act complained of herein is "a fully completed judicial act" and, therefore, not within the scope of the remedy of prohibition. That is the general rule: "yet, where anything remains to be done by the court, prohibition will give complete relief, not only by preventing what remains to be done, but by undoing what has been done." [50 C. J. 711.] In issuing the preliminary writ the court may mould its writ to meet the circumstances of the particular case. [Section 1617, R. S. Mo. 1929.] The Supreme Court said in State ex rel. McCaffery v. Aloe et al., 152 Mo. 466, l. c. 483: "Undoubtedly this court . . . could, if conditions had seemed to call for it, have qualified the rule to show cause by expressly leaving the injunction in force until the further order or final judgment of this court. But in the absence of such qualifications the preliminary rule not only arrests further proceedings, but undoes what has been done." In State ex rel. McElvain v. Riley, 276, S. W. 881, l. c. 883, the Springfield Court of Appeals by prohibition halted the proceedings in the lower court, after the judgment complained of had been entered, and directed the proper method of procedure.

In State ex rel. v. Aloe, supra, respondent had granted a temporary injunction and relator sought in effect, to quash it by prohibition. It was said, l. c. 483: "After the circuit court and the parties were admonished to proceed no further in the case until this court

could look into the matter, the maintenance of the injunction already issued would have been as unlawful as further procedure in the case." And in State ex rel. Wilson v. Burney, 193 Mo. App. 326, l. c. 338, this court said: "Where the excessive action is not wholly completed and as long as any part of it remains unexecuted, further proceedings upon it properly may be prohibited." In the latter case the circuit court had quashed a notice to take depositions, and this court sustained the writ of prohibition on the theory that the notice had been kept alive, despite the order quashing same. In the case at bar relator, but for the judgment of respondent, has the present right to possession of the property but so long as the circuit court judgment is operative, it will be thereby prevented from entering into its possession, receiving rental thereform, or from selling it for a period of one year from October 28, 1936. In the meantime respondent continues to retain jurisdiction of the whole matter and may, on his own motion, impound the rentals and income, or may require additional security on the bond. His jurisdiction of the *proceedings,* touching which the order complained of is but one step, remains.

The very sections of the statute under which respondent claims any jurisdiction at all continue that jurisdiction for a period of one year from the date of sale. And the same statutes clearly indicate that approval of a bond is but one of a chain of events and steps in procedure necessary to bring about the redemption. Therefore we hold that the act complained of is not a fully completed judicial act; that respondent was wholly without jurisdiction to enter the judgment at the time it was entered; and that prohibition is a proper remedy.

Our preliminary rule is made permanent. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by SPERRY, C., is adopted as the opinion of the court. The preliminary rule is made permanent. All concur.