**STATE of Missouri ex rel. MORTGAGE ASSOCIATES, INC., and Sheldon D. Grand, Trustee, Relators,**

v.

**Honorable John R. RICKHOFF, Respondent.**

No. 37221.

Missouri Court of Appeals, St. Louis District, Division Two.

June 1, 1976.

Sheldon D. Grand, Clayton, for relators.

William P. Russell, St. Louis, for respondent.

KELLY, Judge.

In this original action for Writ of Prohibition, filed by the Mortgagee and the Trustee under a Deed of Trust, to restrain the respondent Circuit Judge from proceeding further in a statutory redemption action we issued our preliminary rule. We make the writ absolute.

Mortgage Associates, Inc., is the mortgagee in a deed of trust securing a note on a parcel of realty located at 7917 West Bruno in the City of Richmond Heights, Missouri, and owned by Edmond and Darlene Banks. Sheldon D. Grand is the Trustee. On February 28, 1975, the Trustee commenced publication of notice of foreclosure for sale of the realty on March 28, 1975. Immediately prior to the foreclosure sale on said date the Trustee was served with a written Notice of Redemption. The sale was held and Mortgage Associates, Inc. was the successful bidder and purchaser. On April 17, 1975, the 20th day after the sale, the Trustee received in the mail a copy of a "Motion for Approval of Bond" which had been deposited in the United States mail on April 16, 1975. Also on April 17, 1975, the aforesaid "Motion for Approval of Bond" was filed in the office of the Clerk of the Circuit Court of St. Louis County and assigned to the respondent Judge.

The "Motion for Approval of Bond" recited the execution of the Deed of Trust, the advertisement and sale of the property at foreclosure, service of Notice of Redemption on the Trustee on March 28, 1975, at the sale, and that "the necessary expenses incurred by Mortgage Associates, Inc., is in the neighborhood of $500.00." It moved the Court to approve the bond in the amount of $500.00. The bond filed with the Motion is set out as follows:

"SECURITY FOR COSTS

| Edward Banks and<br>Darlene Banks,<br>Plaintiff<br><br>vs.<br><br>Mortgage Associates, Inc.,<br>Defendant. | In the<br>Circuit Court of St. Louis County, Missouri<br>_____ Term, 1975. |

We, the undersigned, hereby acknowledge ourselves bound to pay all costs that have and yet may accrue according to law in above entitled case. This bond shall be effective April 16, 1975. The bond amount shall not exceed the sum of $500.00.

_____

National Bonding and Accident
Insurance Company
By: /s/ GARY L. LACK _____
      Gary L. Lack
      Attorney-in-fact

Approved: _____
      Circuit Clerk.        "

Attached to the bond was a document appointing Gary L. Lack as Attorney-in-Fact for the Insurance Company for the purpose of executing on its behalf as surety any and all bonds or undertakings and an affidavit executed before a Notary Public by the said Gary L. Lack that he, Gary L. Lack, had executed the bond as the voluntary act and deed of the Insurance Company for the purpose mentioned therein.

Summons was issued and service obtained on the Trustee on May 2, 1975. Service was not had on the Mortgagee. On May 23, 1975, the Trustee filed his Motion to Dismiss and on May 28, 1975, the Mortgagee filed its Motion to Dismiss. The grounds for dismissal in both Motions were identical. They are: 1) that the bond filed did not secure the items required by § 443.410 through 443.430 RSMo 1969; 2) that the Notice required by these same statutes prior to the filing of the bond was not given; 3) that no approval of the purported bond was made within the 20 day period following the foreclosure sale as required by the statutes; and 4) that no petition for redemption had been filed in connection with the foreclosure sale. On June 6, 1975, Respondent overruled both Motions to Dismiss and Relators then filed their Application for Writ of Prohibition in this court.

The issue here is whether the Respondent acquired jurisdiction in the redemption proceedings. For the following reasons we conclude that he did not.

In Missouri if a mortgagor seeks to redeem foreclosed property he must, under the provisions of §§ 443.410 through 443.430 RSMo 1969, within 20 days after sale file a bond which must be in accordance with the terms of the statutes and approved by the court. If no bond meeting these specifications is filed within the 20 day period the court acquires no jurisdiction over the redemption proceeding and has no jurisdiction to grant the right of redemption under the statutes. The filing of a bond in proper form is jurisdictional. *State ex rel. Gravois Home Savings & L. Ass'n v. Moss*, 458 S.W.2d 593, 595 (Mo.App.1970); *State ex rel. Home Owners' Loan Corporation v.*

*Bird*, 232 Mo.App. 652, 110 S.W.2d 386, 387[1] (1937). The bond or security required by the statute is one executed by the person or persons entitled to redeem with at least one good surety. § 443.420 RSMo 1969. The signatures of the persons entitled to redeem—Edmond and Darlene Banks—appear nowhere on the "Security for Costs" bond filed with the "Motion to Approve Bond" on April 17, 1975, the 20th day after the foreclosure sale, nor had they been affixed thereto even as of the date our preliminary rule issued. Therefore no proper bond was filed within the statutory period and the court acquired no jurisdiction over the proceedings.

Furthermore, it is apparent that the bond filed with the Motion of the parties entitled to redeem is a "Security for Costs" bond which utterly fails to comply with the provisions of § 443.420 RSMo 1969 that the security be for payment of the items set forth therein if redemption is not made.

We hold therefore that the Banks failed to bring themselves within the mandatory provisions of §§ 443.410–443.430 RSMo 1969 and the Writ is made absolute.

CLEMENS, P. J., and STEWART, J., concur.